An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: G.R.N. AND N.T.A., MINORS.

No. 66906

ANGI L.A.,
Appellant,
vs.
G.R.N.; N.T.A.; AND CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,
Respondents.

**FILED**

DEC 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights as to the minor children. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia N. Giuliani, Judge.

The children were removed from appellant's care after she was arrested for abusing one of them and she lacked the resources to provide proper care for them. The children were placed with the maternal grandmother, who has expressed an interest in adopting them. Appellant was diagnosed with delusional disorder and despite having over three years to complete the necessary individual counseling, she failed to do so. The district court terminated appellant's parental rights concluding that it was in the children's best interest and that appellant's parental fault had been established because she (1) neglected the children; (2) is an unfit parent; (3) failed to adjust the circumstances that led to the removal of the children; (4) posed a risk of injury to the children; and (5) has only made token efforts to prevent the neglect of the children, to avoid being an unfit

15-40050

parent, and to eliminate the risk of serious injury to the children. This appeal followed.

We directed a response to appellant's civil appeal statement addressing, among other things, appellant's competency to understand the requirements of her case plan and the termination proceedings and whether a permanent guardianship pursuant to NRS 432B.466-.468 (2003) (amended 2015) was considered as an alternative to termination of appellant's parental rights. Having considered the response, we conclude that the issue of competency does not warrant reversal because appellant was represented by counsel throughout the proceedings, her competency was never raised as an issue below, and the record does not include substantial evidence that she was incompetent. *See* NRCP 17(c) (requiring appointment of a guardian ad litem for an incompetent litigant when the litigant is "not otherwise represented" or protected). Further, we are unpersuaded by respondent Clark County Department of Family Services' assertion that termination and adoption are preferred over the establishment of a permanent guardianship under NRS 432B.466-.468 (2003) (amended 2015). A guardianship should be considered if it is in the child's best interests, such as when maintaining contact with the natural parent benefits the child. *CASA v. Dep't of Servs. for Children, Youth and Their Families*, 834 A.2d 63, 66-67 (Del. 2003). Nevertheless, there is no evidence here that the children's interests are better served by a guardianship than by adoption.

We conclude that substantial evidence supports the district court's order granting the petition to terminate appellant's parental rights. *See In re Parental Rights as to A.J.G.*, 122 Nev. 1418, 1423, 148 P.3d 759, 763 (2006) (explaining that this court will uphold a termination

order if the district court's factual findings are supported by substantial evidence). Appellant failed to rebut the presumption in NRS 128.109(2) (1999) (amended 2015) that termination is in the children's best interest as they had resided outside of her care for 14 of 20 consecutive months at the time of trial, and substantial evidence supports the district court's finding that the children's best interests will be served by terminating appellant's parental rights because the children are thriving under the maternal grandmother's care and the maternal grandmother wishes to adopt them. NRS 128.105(1) (1999) (amended 2015); *A.J.G.*, 122 Nev. at 1423, 148 P.3d at 763.

Substantial evidence also supports the district court's finding of parental fault.[1] *A.J.G.*, 122 Nev. at 1423, 148 P.3d at 763; *see* NRS 128.105(2)(c)-(f) (1999) (amended 2015) (providing that parental fault is established when the parent is unfit, the parent has failed to adjust the circumstances that led to the child's removal, there is a risk of injury to the child, or the parent has only made token efforts to eliminate the risk of injury to the child). Appellant had over three years to comply with the requirements in her case plan and not only did she fail to do so, but she failed to make substantial progress during that time, and thus, substantial evidence supports the district court's finding that she is an

---

[1]We note that while the district court's order provides that appellant neglected the children, the court orally concluded the opposite at the trial. Nevertheless, because only one ground of parental fault need be established to terminate parental rights, it is unnecessary to consider whether substantial evidence supports the district court's conclusion regarding neglect. *See* NRS 128.105 (1999) (amended 2015) (providing that termination of parental rights is appropriate when it is in the child's best interest and one of the parental fault grounds has been established).

unfit parent and failed to adjust the circumstances that led to the children's removal. *See A.J.G.*, 122 Nev. at 1423, 148 P.3d at 763. Because appellant's failure to complete her individual counseling and address her mental health issues prevented her from attending family counseling with the children, substantial evidence supports the district court's finding that the children are at risk of mental or emotional injury if returned to appellant. *Id.* Additionally, appellant failed to rebut the presumption in NRS 128.109(1)(a) (1999) (amended 2015) that she had demonstrated only token efforts to eliminate the risk of injury to the children as they had resided outside of her care for 14 of 20 consecutive months at the time of trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                              Cherry

cc:     Hon. Cynthia N. Giuliani, District Judge, Family Court Division
        Angi L.A.
        Clark County District Attorney/Juvenile Division
        Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
        Eighth District Court Clerk

---

[2]To the extent appellant's arguments are not addressed in this order, we conclude they lack merit.